UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

———————————————————————
                                          )
TAMAS NAGY,                               )
                                          )
        Plaintiff,                        )
                                          )
v.                                        )        Civil No. 17-10613-LTS
                                          )
JUDIT NADAY, et al.,                      )
                                          )
        Defendants.                       )
———————————————————————)

ORDER

February 4, 2019

SOROKIN, J.

On January 24, 2019, the Court ordered pro se plaintiff Tamas Nagy to, by February 1, 2019, file a list of the remaining defendants in this case with either (1) the address to which he has sought or intends to seek service on that defendant through Hungary's central authority or (2) the status of his efforts to obtain an address for that defendant. Doc. No. 53. Nagy timely filed the list, Doc. No. 55, which the Court has now reviewed.

Nagy's filing states that he "voluntarily dismisses the suit against Janos Kovacs and Marta Klara Szucs." Doc. No. 55 at 1. Accordingly, this case is DISMISSED as to those two defendants. Nagy's filing also requests to add two new defendants. Id. The Court construes this request as a motion for leave to file an amended complaint naming additional defendants. That motion is DENIED. The case will proceed only against the defendants named in the complaint, Doc. No. 1, less those whom Nagy has voluntarily dismissed.

Nagy's filing includes addresses for each of the 20 remaining named defendants.[1] Doc. No. 55 at 1–2. As the Court stated in its prior Order, Doc. No. 53 at 2, because Nagy now has addresses for every named defendant, a request to Hungary's central authority for service of process from other countries is the exclusive means permitted by the federal Rules for service of process in this case. See Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 699 (1988); Water Splash, Inc. v. Menon, 137 S. Ct. 1504, 1513 n.7 (2017) (noting that Hungary is a signatory country that does not allow the means of service provided for in the Convention's Article 10, such as service by mail).

Nagy's January 23, 2019, filing stated that he "is now in continuous contact with the Hungarian Central Authority to ensure expeditious service" in accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, Nov. 15, 1965 ("Hague Convention"), 20 U.S.T. 361, T.I.A.S. No. 6638, and that "there is a reasonable prospect that service will be completed in 120 days." Doc. No. 51 at 3.

Accordingly, by May 30, 2019, Nagy shall file a status report that, for each remaining defendant, either (1) establishes proof of proper Hague Convention service on that defendant or (2) shows good cause why this case should not be dismissed against that defendant in the continued absence of such proof. Given that this case has been pending for nearly two years, and the Court's Order allowing service through the Hague Convention issued more than a year ago, the Court warns Nagy that it anticipates dismissing this matter with prejudice on May 31, 2019,

---

[1] The remaining named defendants are Emoke Csaszar P., Marta Dobi, Andrea Karpatine Elsner, AnnaMaria Ferenczy, Eva Maria Gosztola-Molnar, Agnes Seben Hanuska, Eszter Kocsisne Hodosi, Agnes Javorszky, Ildiko Bleszkanne Kis, Maria Cecilia Kovacs, Jozsef Kovacs, Ildiko Lakatos, Judit Naday, Judit Gallone Nagy, Jozsefne Simon, Mihaly Szabo, Agnes Juzane Szabo, Felicitasz Szeman, Ilona Tamas, and Terez Toth.

against each defendant for whom the Court has received neither proof of proper Hague

Convention service nor a showing of good cause for the lack of proof.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge