UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | )
TAMAS NAGY, | )
    Plaintiff, | )
v. | ) Civil No. 17-10613-LTS
JUDIT NADAY, et al., | )
    Defendants. | )

ORDER ON MOTION TO DISMISS (DOC. NO. 66)

July 16, 2019

SOROKIN, J.

On April 2, 2019, defendant Judit Náday filed a document that, while styled as an answer, is essentially a motion to dismiss. Doc. No. 66. On June 28, 2019, the Court ordered plaintiff Tamas Nagy to file by July 12, 2019, a response to the motion to dismiss that addressed, in addition to any other relevant issues, the Court's subject matter jurisdiction and personal jurisdiction over Náday. Doc. No. 88 at 4. Nagy has made no such filing.

Nagy's complaint alleges that Náday conspired with others to send defamatory messages to people in Massachusetts and to "interfere and tamper" with mail sent to Nagy's Scituate address. Doc. No. 1 ¶¶ 21–22, 25–26. It further alleges that Náday claimed that Nagy's landlord wrote a libelous letter about Nagy that was filed with Hungarian authorities to defame him, id. ¶ 29, and that Náday offered to help Nagy's landlord obtain a restraining order against Nagy by providing false information to a court, id. ¶ 30. Náday's motion argues that this Court lacks jurisdiction over a Hungarian citizen who lives and works in Hungary, has never been to the

United States, and has no assets in the United States, where the events giving rise to the case all occurred in Hungary. Doc. No. 66 at 1.

When a defendant challenges the Court's personal jurisdiction, "the plaintiff ultimately bears the burden of persuading the court that jurisdiction exists." Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 34 (1st Cir. 1998). The Court "consider[s] only whether the plaintiff has proffered evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction." Boit v. Gar-Tec Prod., Inc., 967 F.2d 671, 675 (1st Cir. 1992). This "prima facie showing of personal jurisdiction must be based on evidence of specific facts set forth in the record," which requires the plaintiff to "go beyond the pleadings and make affirmative proof." Id. (citations and internal quotations omitted). "It has long been the rule of this circuit . . . that plaintiffs may not rely on unsupported allegations in their pleadings to make a prima facie showing of personal jurisdiction." Id.

Nagy has submitted no evidence whatsoever of the Court's personal jurisdiction over Náday in this case, and none is otherwise before the Court. The Court cannot conclude based on solely on the facts alleged in the complaint that personal jurisdiction exists. Accordingly, Náday's motion to dismiss for lack of personal jurisdiction, Doc. No. 66, is ALLOWED.

**The Court reminds Nagy that, by July 26, 2019, he shall file (1) a certified English translation of Doc. Nos. 82, 83, 84, 85, and 86 and (2) a memorandum that describes each**

**document and explains the process by which Nagy obtained the documents for each defendant.** See Doc. No. 88 at 1–2.

             SO ORDERED.

             /s/ Leo T. Sorokin
             Leo T. Sorokin
             United States District Judge